IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2008

Charles R. Fulbruge III
Clerk

No. 08-30244

UNITED STATES OF AMERICA

Plaintiff - Appellant

v.

EDDIE L STEPHENS

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CR-235-1

Before REAVLEY, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

The judgment of the district court is vacated and the case is remanded for proceedings on the indictment.

In June of 2007 this court reversed the judgment of conviction of Eddie L. Stephens on the grounds of violation of the Speedy Trial Act by the time of his trial in 2003. United States v. Stephens, 489 F.3d 647 (5th Cir. 2007). The court left to the district judge the decision of whether that action should be with prejudice to bar prosecution on a new indictment. The district judge promptly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and carefully considered the question and ruled on August 21, 2007, that it would be without prejudice.

Stephens was reindicted the following day and he immediately filed a motion to dismiss on Sixth Amendment speedy trial grounds. Judge Brady granted the motion, holding that the length of delay was the seven years between the original indictment and the new indictment following the appeal. Applying the other factors of Barker v. Wingo, 92 S. Ct. 2182 (1972), he held that Stephens had asserted his rights, that the appeal time should not be held against him and that the Government had failed to show the absence of prejudice. We disagree with this holding.

The Government was not responsible for the four years of the appeal. It merely defended the conviction. We cannot hold that a defendant may challenge trial on Sixth Amendment grounds by virtue of the delay of an appeal. The relevant length of delay is therefore that of the pre-trial delay, i.e., three years. We note that this pre-trial delay resulted in large part from Stephens's own extensive motion practice. Stephens did not assert his right to a speedy trial at any time. He moved to dismiss and not for trial. That was not an assertion of the Sixth Amendment right to speedy trial. United States v. Frye, 489 F.3d 201, 211–12 (5th Cir. 2007). As for prejudice, the district judge presumed prejudice because of the seven years, but a proper delay time of three years would not impose the burden to prove the absence of prejudice upon the Government. No actual prejudice is shown by Stephens.

Judgment REVERSED; cause REMANDED for further proceedings.